UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:25-CV-00029-MEO-DCK

| | | |
|---|---|---|
| BENJAMIN B. BOWMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CITY OF CHARLOTTE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court on ten pending motions. (Doc. Nos. 69, 81, 84, 110, 117, 125, 138, 155, 157, 163). The Court held a status conference on February 17, 2026, with counsel for all parties present. Plaintiff Benjamin B. Bowman was present, proceeding pro se. Counsel for Defendant City of Charlotte (the "City") and the City Agent Defendants[1] was present. Counsel for The Providence Group and Bernie Smith (collectively, the "Providence Defendants") was also present. The Court considered the motions and provided oral rulings in open court. At the request of the parties and for clarity as to the rulings announced in open court, the Court hereby provides this written order summarizing and updating the Court's February 17 rulings as to the Parties' motions. The Court hereby orders as follows:

---

[1] Vi Lyles, Anthony Foxx, Jessica Battle, Bryan Abramson, Travis Archer, Xao Tao, Johhny Jennings, and Joanne Franze[1] (collectively, the "City Agent Defendants"). Defendants assert the case caption and Complaint misspell "Franze" as "Fransy." (Doc. No. 117 at 1 n.1). The Court will therefore refer to Defendant "Joanne Fransy" as "Joanne Franze." The Clerk is respectfully directed to update the case caption. The Providence Group asserts that the correct name of "The Providence Group" is Providence Group Management Services, LLC. (Doc. No. 84 at 1). The Clerk is respectfully directed to update the case caption accordingly.

## I.     Motions to Compel by Plaintiff and Defendants

Plaintiff filed his Motion to Compel Discovery Responses from the Providence Defendants and the City of Charlotte on July 23, 2025. (Doc. No. 69). After hearing from the parties, the Court denied that motion as moot.

Defendant City of Charlotte filed its Motion to Compel Discovery Responses from Plaintiff and for Sanctions on August 4, 2025. (Doc. No. 81). The Court denied the motion for sanctions but granted the motion to compel and ordered Plaintiff to complete the following four actions by the end of the day on February 20, 2026:

(1) Provide the name and contact information of any provider that has diagnosed Plaintiff with any of the medical conditions related to the lawsuit;

(2) Sign a release allowing Defendants to obtain all relevant unredacted records from his medical providers involving his alleged medical conditions related to the lawsuit;

(3) Provide all relevant documentation related to the training and any certification of the service animal in question in this lawsuit; and

(4) Respond in substance to the interrogatories of the Defendants.

The Providence Defendants filed a Motion to Dismiss, or, Alternatively, to Compel Plaintiff's Initial Disclosures and Discovery Responses on August 5, 2025. (Doc. No. 84). The Court denied the motion to dismiss and the motion for sanctions, granted the motion to compel, and ordered Plaintiff to complete the same four actions and provide the Providence Defendants with the same information as ordered by the Court regarding Defendant City of Charlotte's Motion to Compel Discovery Responses from Plaintiff and for Sanctions (Doc. No. 81).

## II.     Motions to Strike

The Providence Defendants filed a Motion to Strike Plaintiff's Second Opposition to

Defendants' Motion to Dismiss Plaintiff's Amended Complaint and in the Alternative for an Enlargement of the Time to File a Reply to Plaintiff's Second Opposition to Defendants' Motion to Dismiss on October 28, 2025. (Doc. No. 110). The Court granted the motion because Plaintiff's filing was untimely, Plaintiff had been granted an extension by the Magistrate Judge but failed to file by the extended deadline, and the filing was an amended response seeking to supplement Plaintiff's prior response already before the Court. The Court denied the City's motion for sanctions.

### III.    Motions to Dismiss

The City Agent Defendants who had been served with the lawsuit filed a Motion to Dismiss Plaintiff's Amended Complaint on November 5, 2025, pursuant to Fed. R. Civ. Pro. 12(b)(6). (Doc. No. 117). These City Agent Defendants argued that Plaintiff failed to state a claim for intentional infliction of emotional distress and for civil conspiracy to violate civil rights. For the reasons stated at the conference, the Court granted the City Agent Defendants' motion.

City Agent Defendants Foxx, Abramson, and Tao filed a Renewed Motion to Dismiss for Lack of Service of Process on January 20, 2026 (Doc. No. 155). On January 23, 2026, Plaintiff filed a Motion to Deem Service Effective, or Alternately, for an Order Directing Service by the U.S. Marshals. (Doc. No. 157). After hearing from the parties and after further analysis, the Court takes both motions under advisement and holds the decision on both motions in abeyance.[2]

The Court has further analyzed the service of process issue and Plaintiff's claims in the Amended Complaint as to these three City Agent Defendants. The Court hereby gives notice to the Plaintiff that the Court is likely to dismiss the claims against Foxx, Abramson, and Tao

---

[2] While the Court initially granted the Renewed Motion to Dismiss for Lack of Service of Process (Doc. No. 155) during the February 17 hearing, the Court hereby vacates this oral order because the motion's viability depends on the Court's resolution of Plaintiff's service-related motion (Doc. No. 157).

3

pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, for the same reasons the Court granted the motion to dismiss by the other City Agent Defendants. The Court hereby grants Plaintiff until end of day Wednesday, February 25, 2026 to file a brief setting forth the reasons, if any, why the Court should not dismiss the Amended Complaint as to these three additional City Agent Defendants. Such brief may be no more than seven pages in length, and no extensions of this deadline will be entertained by the Court.

### IV.    Motion for Leave to Amend Complaint

Plaintiff filed a Request for Leave to Amend Complaint on December 29, 2025. (Doc. No. 138). The Court denied the motion as untimely.

### V.    Motion to Continue Trial

The Providence Defendants filed a Joint Motion to Continue the Trial and Reset Pretrial Deadlines on February 9, 2026. (Doc. No. 163). The Court granted the motion and set new deadlines. As ordered at the hearing, all discovery shall be complete no later than April 20, 2026; all dispositive motions shall be filed no later than May 20, 2026; and the jury trial in this matter is reset for this Court's trial term beginning October 26, 2026.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion to Compel Discovery Responses (Doc. No. 69) is **DENIED**;

2. Defendant City of Charlotte's Motion to Compel Discovery Responses and for Sanctions (Doc. No. 81) is **GRANTED in part** and **DENIED in part**. Specifically, it is **GRANTED** as to the motion to compel and **DENIED** as to the motion for sanctions;

3. The Providence Defendants' Motion to Dismiss, or Alternatively, to Compel Plaintiff's Initial Disclosures and Discovery Responses (Doc. No. 84) is **GRANTED in part** and

**DENIED in part**. Specifically, it is **GRANTED** as to the Motion to Compel and **DENIED** as to the motion to dismiss and for other sanctions;

4. The Providence Defendants' Motion to Strike Plaintiff's Second Opposition to Defendants' Motion to Dismiss Plaintiff's Amended Complaint and in the Alternative for an Enlargement of the Time to File a Reply to Plaintiff's Second Opposition to Defendants' Motion to Dismiss (Doc. No. 110) is **GRANTED** and the Court hereby **STRIKES** the docket entry at (Doc. No. 109);

5. Defendant City of Charlotte's Motion to Strike Plaintiff's Reply Brief and for Sanctions (Doc. No. 125) is **GRANTED in part** and **DENIED in part**. Specifically, it is **GRANTED** as to the motion to strike and **DENIED** as to the motion for sanctions. The Court hereby **STRIKES** the docket entry at (Doc. No. 122);

6. The Motion to Dismiss Plaintiff's Amended Complaint filed by Defendants Jessica Battle, Travis Archer, Vi Lyles, Johnny Jennings, and Joanne Franze (Doc. No. 117) is **GRANTED** and the Amended Complaint is **DISMISSED** as to these Defendants;

7. The Court **VACATES** its oral order as to the Renewed Motion to Dismiss for Lack of Service of Process filed by Anthony Foxx, Bryan Abramson, and Xao Tao's Renewed Motion to Dismiss for Lack of Service of Process (Doc. No. 155) and that motion is **HELD IN ABEYANCE** while the Court takes it further under advisement;

8. Plaintiff's Motion to Deem Service Effective, or Alternatively, for an Order Directing Service by the U.S. Marshals (Doc. No. 157) is **HELD IN ABEYANCE** while the Court takes it further under advisement;

9. Plaintiff's Request for Leave to Amend Complaint (Doc. No. 138) is **DENIED**;

10. Defendants' Joint Motion to Continue the Trial and Reset Pretrial Deadlines (Doc. No. 163) is **GRANTED** and trial is **CONTINUED**. The Clerk is directed to reset the trial in this matter for this Court's trial term beginning October 26, 2026 term; and

11. This case shall **proceed toward trial on the merits of the remaining claims** in the absence of a voluntary resolution of the dispute among the parties.

**SO ORDERED.**

Signed: February 18, 2026

Matthew E. Orso
United States District Judge